Nash, J.
 

 The defendant was indicted for an assault and battery. The record shows, that he was convicted by the jury. The case sent up by the presiding Judge however states, “ the cause was committed to the jury, who, by consent, found a special verdict, subject to the opinion of the Court.” What is called a special’ verdict is then set forth, upon which, judgment was rendered for the defendant. Between the record and the case, in stating the verdict, there is obviously a very essential difference — in the one it is general, in the other special, depending upon the opinion of the Court. We have no doubt the case correctly represents the facts, and that it was the intention of the parties to convert the general verdict of guilty into a special verdict. But unfortunately it was not done. The verdict is still left upon the record, as the jury pronounced it. They have not said that they found a special verdict. We have no power to alter the record, and by it we are informed that the defendant was found guilty. Upon such a verdict the Court had no power to discharge the defendant. It was entirely within the power of his honor to have ordered, if he had thought proper so to do, the general verdict to be set aside, and to award a
 
 venire de novo,
 
 or to have made the verdict on the record conform to the facts of the case. He has done neither — doubtless from inadvertence. The judgment pronounced by him is erroneous and must be reversed.
 

 Our labor so far as this case is concerned might here close. But other points are presented to us, upon which it was obviously the intention of the parties to procure the opinion of this Court, and as they are questions of practice, occurring at every Court and upon which it is believed much misapprehension exists, we think it our duty to examine and decide them.
 

 The offence charged against the defendant was committed in November, 1841, and the indictment, under
 
 *444
 
 which he was tried, was found by the grand-jury at spring 1844 of Moore Superior Court, more than two years thereafter. On behalf of the defendant it was insisted, that he was entitled to his acquittal, because of the length of time, which elapsed between the offence and the finding of the indictment. To meet the objection, the prosecuting officer gave in evidence, as a presentment, made by the grand-jury, at Moore Superior Court at fall term, 1843, a paper in the following words : “ State of North Carolina, Moore County, fall term, 1843. The jurors for the State upon their oath present Irvine E. Cox for an assault on Kenneth Black in Nov. 1841. Daniel McKinnon and Alexander McKenzie, State’s evidence.” This was endorsed “ State
 
 vs.
 
 I. E. Cox. Presentment by the grand-jury,” and signed on the back “William Shaw, Foreman.” It was contended that a presentment is not the commencement of a prosecution; but we arc clearly of opinion that it is, and, when made within two years after the offence is committed, is in time. We think so from the nature of a presentment, and from the fact, that the legislature in limiting the period, within which prosecutions for misdemeanors of the character of the one charged against this defendant, shall be commenced, uses
 
 the
 
 words,
 
 “
 
 Presentment or indictment.”
 
 Rev. St. ch.
 
 35,
 
 s.
 
 8. It was further denied, that in this case any legal presentment had been made; and two objections were urged why the paper offered in evidence is not one. The first is, that it is not signed by all the jury ; the second, that if that is not necessary, it must be signed by the foreman, while in this case it is not, his name being endorsed. It is true, the paper returned into Court by the grand jury, as containing their presentment, is usually signed by all the jury — but it is merely a practice not required by any law or principle we are acquainted with; nor is any form prescribed in any book of practice. Justice Blackstone, in the 4th vol. of his commentaries, p. 304, says, “ a presentment, properly speaking,
 
 is the no
 
 
 *445
 

 tice
 
 which a grand jury takes of an offence from their own knowledge or observation.” This must be made known to the Court, and lays the foundation, when made, for the indictment. In passing upon the latter, “ if the -jury are satisfied of the truth of the accusation, they indorse it
 
 Billa vera
 
 or true bill. It is then said to
 
 be found.
 
 So if they are not satisfied, it is endorsed
 
 ignoramus
 
 or not a true bill, and the party is discharged.” In both cases the bill is delivered in open Court, but it was never known that the bill was signed by the jury, nor are we apprized it ever was conceived necessary. In all
 
 1
 
 heir intercourse with the Court, they act through their foreman. He delivers in the bill, and responds to the questions propounded to them and endorses it, as their presiding officer. The bill, however, being the act of the jury, they ought in every instance to be in Court, when one is returned, and, so in making a presentment. And to ascertain that they are present, they ought always to be called by the clerk. But, as they never sign the bill of indictment, why should it be thought necessary to sign the presentment ? The latter is no more the act of the grand jury, than the former, and indeed an indictment is a presentment. The language of the record is
 
 “juratores presentant,” 2
 
 Inst.
 
 128.
 
 When either a presentment or indictment is returned into Court, the fact is recorded. In the present case, the record from Moore Superior Court states that, at .fall term, 1843, a grand-jury was duly empannelled and sworn and William Shaw appointed foreman. It then states as follows, “ and be it further remembered, that, at the said term of our said Court, William Shaw, foreman of the grand-jury, returned into open Court a paper writing in the words and figures following,” &c. It then sets out the paper before stated. The error then consisted in considering that paper, as the presentment, when in fact it was but the usual evidence of what the jury had done, from which the clerk drew up his record, showing that the jury had made the presentment.
 

 
 *446
 
 The second objection is in our opinion equally untenable. It is settled in this State, that an indictment need not be signed by any one. It is good without it, because it is the act of the grand jury, delivered in open Court by them. In the case
 
 the State
 
 v.
 
 Collins, S
 
 Dev. 11, the opinion is first suggested by the then Chief Justice Henderson, but as the point did not necessarily arise in the case, it was not decided. But in that of
 
 the State
 
 v.
 
 Colhoon,
 
 1 Dev. & Bat. 374, it was. The custom of endorsing the bill is declared to be no further material, than as it identifies the instrument, expressing the decision of the jury; when made, it becomes no part of the indictment,
 
 Yel.
 
 99. It is the action of the jury in publicly returning the bill into the Court, as true, and the recording or filing it among the records, that makes it effectual. The same reasoning applies with equal or greater force to the presentment, which, altogether the act of the jury, requires less form in the thing itself, than an indictment. "We conclude, then, as signing a bill of indictment is not required to make it legal, so neither is it necessary to a presentment. In neither case is the endorsement set out inenrolment of the record ,when properly made. In this case the record declares, that a presentment was made by the grand-jury, and no evidence was receivable to contradict it; and it was made up, not from the minutes alone of their proceedings, but from that and what the jury declared in open Court.
 

 The cause is remanded for further proceedings according to law.
 

 Pee. Curiam. Ordered accordingly.