## STATE OF NORTH CAROLINA v. ARTHUR LEWIS PERRY.

(Filed 3 November, 1965.)

**1. Criminal Law § 23—**

In a prosecution for burglary in the first degree, G.S. 14-51, the acceptance by the court of defendant's plea of guilty of felonious breaking and entering of a house otherwise than burglariously, G.S. 14-54, will not be disturbed when there is nothing in the record tending to show that defendant's plea was not freely, voluntarily, understandingly, and intelligently entered, the plea being to a lesser degree of the offense charged, G.S. 15-170, and carrying a much less severe sentence. The fact that defendant was not represented by counsel when, before indictment, he sought a police officer and made exculpatory statements, does not affect this result.

**2. Searches and Seizures § 1—**

A plea of guilty properly entered waives defendant's right to protest the legality of a search without a warrant.

**3. Criminal Law § 23—**

Defendant's plea of guilty is equivalent to a conviction of the offense charged and precludes defendant from questioning the facts charged in the indictment, and his appeal presents only whether such facts constitute a punishable offense under the laws and the Constitution.

**4. Criminal Law § 131—**

Where a defendant has entered a plea of guilty he has a right to an opportunity to rebut representations in aggravation of punishment and to make representations in mitigation, but upon the hearing on the question of punishment the court is permitted wide latitude and the rules of evidence will not be strictly enforced, and the hearing of incompetent or hearsay evidence is not ground for disturbing the sentence in the absence of a showing of prejudice.

APPEAL by defendant from *McLaughlin, J.,* 31 May 1965 Special Session for the trial of criminal cases of FORSYTH.

Criminal prosecution on an indictment containing two counts: both counts charging defendant with the commission of the felony of burglary in the first degree, a violation of G.S. 14-51.

When the case was called for trial, according to page 20 of the record, defendant, who was represented by Phin Horton, Jr., a member of the Forsyth County Bar, by and through his attorney "entered a plea of guilty to feloniously breaking and entering a dwelling house other than burglariously, which plea was accepted by the solicitor for the State with the permission of the court." A similar plea of guilty appears on page 9 of the record, except that there it is stated defendant was represented by Wes Bailey of the Forsyth County Bar. The statement of case on appeal was agreed to by defendant's

present counsel of record and Thomas W. Moore, Jr., assistant solicitor for the State.

From a judgment of imprisonment of not less than seven years nor more than ten years, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Ralph Moody, and Staff Attorney Andrew A. Vanore, Jr., for the State.*
*McKissick & Burt by M. C. Burt, Jr., for defendant appellant.*

PARKER, J.  Both counts in the indictment charge defendant with burglary in the first degree, a violation of G.S. 14-51. G.S. 14-52 provides that any person convicted, according to due course of law, of the crime of burglary in the first degree shall suffer death, with a proviso that if the jury when rendering its verdict in open court shall so recommend, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury.

It is a well-settled rule of practice with us, as provided in G.S. 15-170, that "upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

From the common law concept of burglary a number of statutory crimes associated with burglary have evolved, *e.g.*, G.S. 14-54, breaking into or entering houses otherwise than burglariously. 35 N. C. Law Review 98. The statutory offense set forth in G.S. 14-54 is a less degree of the offense of burglary in the first degree set forth in the indictment and as defined in G.S. 14-51. *S. v. Allen,* 186 N.C. 302, 119 S.E. 504; *S. v. Chambers,* 218 N.C. 442, 11 S.E. 2d 280. Defendant by and through his counsel in open court, as authorized by the well-settled rule of practice in this jurisdiction, entered a plea of guilty to feloniously breaking and entering a dwelling house other than burglariously, a violation of G.S. 14-54, and the sentence of imprisonment imposed was within the statutory limit set forth in G.S. 14-54 for the commission of the felony to which defendant pleaded guilty. See also G.S. 14-72; *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91.

Defendant assigns as error "that the court erred in accepting a plea of guilty in view of the fact that the defendant was not represented by counsel during the interrogation procedure," in violation of his right to due process guaranteed to him by the Constitutions of North Carolina and of the United States. The record discloses the following according to the testimony of Sergeant Rominger of the detective division of the Winston-Salem Police Department: "That

on Monday, April 5th around 10:30 A.M. he [defendant] walked in the Detective's Office and wanted to see him and wanted to know if he was hunting for him and he said 'yes.' That he said 'what do you want to tell me.' He said, 'about the incident at Wake Forest.' That he said, 'Arthur, if you are involved you should call your attorney —you don't have to make any statement to me.' I said, 'there is the telephone you can use it to call anybody you want to,' and he said, 'no, I want to tell you what happened.' " Whereupon, defendant made a statement which tended not to incriminate him, but to exonerate him.

According to defendant's brief, he is "a young adult Negro." When he entered his plea of guilty, he had full knowledge of all circumstances relating to his conduct in this case. There is nothing in the record to indicate that he is not a person of competent intelligence. There is no contention in defendant's brief that his trial lawyer was not able and competent. There is nothing in the record to indicate that defendant's plea of guilty was not freely and voluntarily, and understandingly and intelligently entered. Apparently, defendant's trial counsel and defendant at the time he entered the plea of guilty were of the opinion, in light of the fact that he was charged with capital offenses, that the entry of the plea of guilty of a felonious breaking and entry of a dwelling house otherwise than burglariously, which was a violation of G.S. 14-54 and for which violation the punishment could not exceed imprisonment for more than ten years, was to defendant's advantage, and we cannot say that this was not the wiser course. S. v. Wilson, 251 N.C. 174, 110 S.E. 2d 813. Under the facts here it does not appear that defendant's constitutional right to due process was violated by the court's acceptance of his plea of guilty as set forth above.

W. H. Byrd, a special police officer at Wake Forest College, testified that about 3 a.m. on 30 March 1965 police officers examined the glove compartment of a car parked on the Wake Forest College campus and found therein a 1964 automobile registration card. Defendant assigns as error the admission of this testimony, because there is no evidence that the officers had a search warrant, or that the defendant consented to the search. This assignment of error is overruled. By pleading guilty, the defendant waived his right to attack the legality of the search and seizure. 21 Am. Jur. 2d, Criminal Law, § 495, pp. 484-85; 22 C.J.S., Criminal Law, § 424(6).

Defendant assigns as error testimony of police officers as to statements made to them in respect to the offense to which defendant pleaded guilty by Linda Ingram whose money was stolen about

3 a.m. on 30 March 1965 from her room in the girls' dormitory at Wake Forest College, by the housemother of the dormitory, and by other girls who had rooms in the girls' dormitory at the time, all of whom were not present, or did not testify, at the trial, and as to a free and voluntary statement made by defendant to a police officer, which statement by him does not incriminate him, but tends to exonerate him. This assignment of error is overruled. This is said in 21 Am. Jur. 2d, Criminal Law, § 495, p. 484: "By a plea of guilty a defendant waives the right to trial and the incidents thereof, and the constitutional guaranties with respect to the conduct of criminal prosecutions." To the same effect, 22 C.J.S., Criminal Law, § 424(6). In *S. v. Wilson, supra,* it is said: "Defendant's plea of guilty was equivalent to a conviction of the offense charged, and no other proof of guilt was required." *S. v. Smith,* 265 N.C. 173, 143 S.E. 2d 293, quotes *S. v. Warren,* 113 N.C. 683, 684, 18 S.E. 498, 498, as follows: "The defendant having pleaded guilty, his appeal could not call in question the facts charged, nor the regularity and correctness in form of the warrant. * * * The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to have been guilty, constitute an offense punishable under the laws and constitution." To the same effect, 5 Wharton's Criminal Law and Procedure (Anderson Ed. 1957), § 2247, p. 498.

When a defendant in a criminal case has entered a plea of guilty, the matter of prime importance to him is the nature and severity of his punishment, and he has the right to a fair and just consideration, and to be given full opportunity to rebut representations in aggravation of punishment and to make representations in mitigation. All the evidence here was heard by the judge in the presence of defendant and his counsel. Defendant had full opportunity to offer any evidence in mitigation of the offense to which he pleaded guilty, but he decided to offer no evidence except that of one witness that defendant is a good man so far as he knows, and that of his father that he had not been in trouble before. The State had evidence that defendant previously had paid a fine of $100 and the costs for driving an automobile while intoxicated, and had been in court for assault on a female. This Court said in *S. v. Pope,* 257 N.C. 326, 126 S.E. 2d 126: "In our opinion it would not be in the interest of justice to put a trial judge in a strait jacket of restrictive procedure in sentencing. * * * He should be permitted wide latitude in arriving at the truth and broad discretion in making judgment." While the procedure in the instant case of the court's hearing testimony of officers as to what witnesses said instead of having the witnesses present in court to

testify is not approved, under the facts of this case it cannot be said that the hearing of such testimony by the judge before sentencing the defendant was prejudicial to the defendant, or that it manifested inherent unfairness or injustice, or that it was conduct which offended the public sense of fair play.

Defendant's plea of guilty as above set forth constituted a violation of the felony provisions of G.S. 14-54, which is an offense punishable under the laws and Constitution of this State. All defendant's assignments of error are overruled, and the judgment below is

Affirmed.