STATE v. CECIL DARNELL.

(Filed 2 March, 1966.)

**1. Criminal Law § 143—**

The unlimited right of a defendant to appeal is easily abused by an indigent defendant who may appeal without cost to himself. G.S. 15-4.1.

**2. Criminal Law § 154—**

An appeal is itself an exception to the judgment, presenting the face of the record for review.

**3. Criminal Law § 139—**

On appeal from sentence imposed upon defendant's voluntary plea of guilty to the crime charged, the Supreme Court may determine only whether error appears on the face of the record proper and whether the sentence is in excess of the statutory limit.

MOORE, J., not sitting.

APPEAL by defendant from *Martin, S.J.,* September 1965 Criminal Session of BUNCOMBE.

In a three-count bill of indictment returned at the August 1964 Criminal Session, defendant was charged with (1) the felonious breaking and entering on June 19, 1964, of a building occupied by Scott Dillingham; (2) the larceny of specified property, valued at $820.00, belonging to Scott Dillingham; and (3) the receiving of said property knowing it to have been feloniously stolen. After his arrest, defendant "jumped bond" in June 1964 and went to Florida. Upon his return to North Carolina in July 1965, he was again arrested.

At the September 1965 Term, the solicitor took a *nolle prosequi* as to the first and third counts in the indictment, and defendant, by

STATE *v.* DARNELL.

and through his attorney of record, Melvin K. Elias, Esquire, entered a plea of guilty of larceny of property valued at less than $200.00. When the plea was tendered, the trial judge examined defendant under oath. In answer to his questions, defendant testified that he went into Scott Dillingham's place of business and stole 26 batteries which he sold to a junkyard. He said that he had authorized his counsel to enter the plea of guilty; that he himself was pleading guilty; that the plea had not been induced by any threats or promises from any person whomsoever. He declared that he understood the charge against him and that his plea subjected him to a possible punishment of two years in prison. He further stated that he had had ample time to confer with his attorney about his case; that he was able to hear and understand the judge's questions; and that he was not under the influence of "alcohol, drugs, narcotics, or other pills." Defendant told the court that he had previously served an 8-month sentence for larceny of an automobile, a 3-5 year sentence for breaking and entering a restaurant, and an additional prison sentence for malicious damage to personal property. At the conclusion of defendant's examination, the judge accepted his plea of guilty to larceny of property valued at less than $200.00 and imposed a sentence of twelve months. Defendant, against the advice of his counsel, immediately gave notice of appeal and insisted that his appeal be perfected. The court appointed Mr. Elias as defendant's attorney "to perfect and prosecute his appeal."

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Melvin K. Elias for defendant appellant.*

PER CURIAM. "The right of appeal is unlimited in the courts of North Carolina. . . ." *State v. Beasley,* 226 N.C. 577, 579, 39 S.E. 2d 605, 606; G.S. 15-180; *State v. Grundler* and *State v. Jelly,* 251 N.C. 177, 111 S.E. 2d 1. This case is a fair example of the manner in which that unlimited right is now being perverted at the whim of those who have nothing to lose. An indigent defendant has only to say, "I appeal," and the county is required to furnish him with counsel, "transcript and records required for an adequate and effective appellate review." G.S. 15-4.1.

This record contains no assignment of error, but the appeal itself is an exception to the judgment. *State v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738. When a defendant voluntarily pleads guilty to a charge of crime, this Court may consider only questions of law inherent in the judgment itself. The only questions presented here are whether any error appears upon the face of the record proper, *State*

*v. Jernigan*, 255 N.C. 732, 122 S.E. 2d 711; *State v. Wallace*, 251 N.C. 378, 111 S.E. 2d 714, and whether the sentence was in excess of the statutory limit. Should the latter situation appear, the case will be remanded for the entry of a proper judgment. *State v. Alston*, 264 N.C. 398, 141 S.E. 2d 793; *State v. Templeton*, 237 N.C. 440, 75 S.E. 2d 243.

No error appears upon the face of this record; the punishment was one-half of the maximum permitted by law. The judgment of the Superior Court is

Affirmed.

MOORE, J., not sitting.