STATE v. JUNIOR REX HODGE
AND
STATE v. BOBBY JUNIOR WHITE.

(Filed 4 May, 1966.)

1. **Constitutional Law § 28—  Record held to disclose that defendants had ample time to decide whether to waive indictment.**

    Where defendants represented by counsel voluntarily sign a written waiver to the finding of a bill of indictment and agree to trial upon a bill of information, and the record discloses that, even though the time during which defendants had access to counsel may have been insufficient for the preparation of a contested case, the time was amply sufficient for defendants to decide whether they should enter a plea or contest the charges, and there is no suggestion that defendants needed more time either to prepare a defense or to present evidence in mitigation of punishment, an attack of the waiver of indictment on the ground that counsel had insufficient time to prepare defendants' defense is untenable. G.S. 15-140.1.

2. **Criminal Law § 23—**

    Counsel has no duty to advise a client against entering a plea of guilty solely for the purpose of delaying the date of judgment.

3. **Constitutional Law § 28—  Waiver of finding of indictment embraces waiver of return of indictment also.**

    Where defendants sign a written waiver to the finding of an indictment and agree to trial upon the bill of information, and enter a plea of guilty to a charge carrying less punishment than might have been imposed for the offense set out in the original warrants, and the court, upon a hearing, finds that the nature of the waiver and the meaning of the charges had been fully explained to defendants and that defendants, with understanding, voluntarily assented to the waiver and entry of plea of guilty, *held,*

the contention that the waiver was to the findings of a bill of indictment and not a waiver of its return, is untenable, the equivalent of a "return" being supplied by the hearing of the court as to the voluntariness and understanding of the waiver.

**4. Criminal Law § 23—**

A plea of guilty to a valid information charging a felony presents for review only whether the facts charged constitute an offense punishable under the laws and constitution.

MOORE, J., not sitting.

APPEAL by defendants from *Gambill, J.,* September 13, 1965 Session of ROWAN.

In warrants issued by the Rowan County Court on July 7, 1965, defendants were separately charged with the felonious possession of implements of housebreaking (G.S. 14-55) and with unlawfully attempting to open a safe belonging to North Carolina Theatres, Inc. (G.S. 14-89.1). After the hearing in the County Court, on two separate occasions in July, defendants attempted to escape from the Rowan County Jail. As a result, they were transferred to the State's Prison in Raleigh to await trial in the Superior Court. At the September Session, the solicitor prepared a bill of indictment in which defendants were only charged with nonburglarious breaking and entering the premises of North Carolina Theatres, Inc., a violation of G.S. 14-54. On September 15th, Judge Gambill appointed counsel for each defendant; Clinton Eudy, Esquire, to represent defendant white and George L. Burke, Jr., Esquire, to represent defendant Hodge. The grand jury completed its work for the session and adjourned on September 17th. About noon on September 20th, during the second week of the session, defendants were returned from Raleigh to Rowan County where, after conferring with their court-appointed counsel, they signed the following waiver at the end of the bill of indictment:

> "The foregoing information has been read and explained to me and I do hereby waive the finding of a bill of indictment by the grand jury upon the advice of my attorney and counsel. I have requested my counsel to sign this waiver, this 20 day of September, 1965."

Thereafter, during the afternoon of the same day, each defendant appeared in court with his counsel and, "after due and diligent inquiry by the court," each reaffirmed his waiver of the indictment and his consent to be tried upon the information signed by the solicitor (G.S. 15-140.1). As to each defendant, the judge made the following entry:

"The defendant having had said charge contained in said information fully explained to him in open Court and upon inquiry of the defendant as to whether Court appointed Counsel had explained the nature and extent of this procedure and meaning of the charges contained in said information, states to the Court, that he answers the Court's inquiry in the affirmative; that he understands; that he has had explained to him by his Counsel; that he assents hereto and that to said Bill of Information he enters a plea of Guilty to breaking and entering with intent to commit a felony, freely and voluntarily, without fear or compulsion; promise of reward or coercion in the part of anyone; that he signs said information freely and voluntarily, agreeing to trial on Bill of Information rather than Bill of Indictment.

"JUDGMENT: It is the judgment of the Court that the defendant . . . be confined to State's Prison, Raleigh, North Carolina for a term of ten (10) years, to do work as provided by law."

On the same day, defendants were returned to the State's Prison in Raleigh. Subsequently, each gave notice of appeal, and their present counsel were appointed to represent them here, where the two cases were consolidated for argument.

*Attorney General T. W. Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Kesler and Seay for Junior Rex Hodge, defendant appellant.*

*Graham M. Carlton for Bobby Junior White, defendant appellant.*

PER CURIAM. Defendants do not contend that the attorneys who represented them in the Superior Court were incompetent; neither do they contend that they were unduly influenced or misinformed when they waived the finding of a bill by the grand jury and entered their pleas of guilty to the charge contained in the information. On the contrary, upon the oral argument, counsel expressly repudiated any such contention; nor have defendants asserted their innocence of the charge. In requiring that their sentences be appealed to this Court, defendants are merely taking advantage of the unlimited right of appeal which this State permits. *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800. Court-appointed counsel, ingrained with the profession's traditional loyalty to a client, have done their best to make bricks without straw. They argue (1) that counsel had insufficient time to prepare defendants'

defense and (2) that defendants, while waiving the *finding* of a bill of indictment, did not waive its *return*.

The four hours during which Messrs. Eudy and Burke had access to their court-appointed clients most probably would not have been sufficient time in which to prepare a contested case for trial. *Prima facie*, however, it was sufficient time for defendants to decide whether they should enter a plea or contest the charges. They themselves had had two and a half months to consider the matter. The record is devoid of any suggestion that defendants needed more time either to prepare a defense or to present evidence in mitigation of punishment. They did not ask for a continuance, nor do they now contend that one would have profited them. Counsel for a defendant "caught in the act" or against whom the State has an "air-tight case" has no duty to advise him against entering a plea of guilty merely to delay the day of judgment. Frequently such advice would be a great disservice to the defendant, for trial judges are often inclined to reward the truth, which they consider the best evidence of repentance. Furthermore, time spent in jail awaiting trial will not be credited on the sentence imposed and need not be considered by the judge in fixing his punishment. *State v. Weaver*, 264 N.C. 681, 142 S.E. 2d 633.

The statute which authorizes trial upon an information in lieu of indictment (G.S. 15-140.1) provides that a "defendant may waive the finding and return into court of a bill of indictment when represented by counsel and when both the defendant and his counsel sign a written waiver of indictment." The statement, which each defendant and his counsel signed, recited, "I do hereby waive the finding of a bill of indictment. . . ." Because the statement was not, "I do hereby waive the finding *and return* . . .," defendants now contend that the court was without jurisdiction to proceed to judgment against them. The State concedes that "it is the action of the (grand) jury in publicly returning the bill into court as true, and the recording or filing it among the records, that makes it effectual." *State v. Cox*, 28 N.C. 440, 446. As a practical matter, there is no necessity of publicizing to an accused a finding contained in an information and in a waiver of indictment to which he has just affixed his signature. The equivalent of a "return," however, was actually had when the judge, in open court, interrogated each defendant as to his understanding of, and assent to, the information and waiver he had signed. We hold that the waiver of the finding of a bill of indictment also includes the waiver of the return.

Each defendant having entered a plea of guilty to a valid information charging the felony of nonburglarious breaking, this appeal brings up for review only the question whether the facts charged constitute an offense punishable under the laws and consti-

tution. *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591. Defendants' pleas established a violation of G.S. 14-54, the punishment of which may be a maximum of 10 years. It is noted that a violation of G.S. 14-89.1 (one of the charges contained in the warrants) subjects an offender to a sentence of from 10 years to life imprisonment.

All defendants' assignments of error are overruled, and the judgment below is

Affirmed.

MOORE, J., not sitting.