## STATE v. JACK LEE NEWELL.

(Filed 12 October, 1966.)

**1. Criminal Law § 139—**

An appeal from a sentence imposed upon defendant's plea of guilty, voluntarily and understandingly made, presents only the face of the record proper for review.

**2. Criminal Law § 131—**

Where the sentence imposed on defendant's plea of guilty, understandingly and voluntarily made, is within the statutory maximum, such sentence cannot be considered cruel or unusual in the constitutional sense.

APPEAL by defendant from *McLean, J.,* April 4, 1966, Regular Criminal Session of MECKLENBURG.

Defendant was indicted on a bill containing two counts, the first charging the forgery of a $65.00 check, a violation of G.S. 14-119, and the second charging the uttering of said forged check, a violation of G.S. 14-120.

Upon arraignment, defendant, represented by counsel, pleaded not guilty. A jury was selected, sworn and empaneled, and defendant was placed on trial. During the progress of the trial, defendant, through his said counsel, withdrew his said original pleas and pleaded guilty to both counts in said indictment. The court, after interrogation of defendant in open court, determined that said pleas of guilty were made "freely, understandingly and voluntarily . . . without any undue influence, compulsion or duress, without promise of lenience by the Court or anyone else."

After inquiry in open court as to defendant's prior criminal record, the court pronounced separate judgments, imposing on each count a prison sentence of not less than three nor more than five years, the sentences to run consecutively. Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGallhard of the State.*

*T. O. Stennett for defendant appellant.*

PER CURIAM. Defendant having pleaded guilty, his appeal presents for review only whether error appears on the face of the record proper. *S. v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800. Suffice to say, the record proper does not show error.

The record on appeal, prepared by defendant's court-appointed counsel, contains one assignment of error, namely, that "(t)he Court erred in pronouncing an excessive, cruel and unreasonable punishment." The sentences are well within the limits prescribed by G.S. 14-119 and G.S. 14-120. Hence, they cannot be considered cruel and unusual in a constitutional sense. *S. v. Bruce, ante,* 174, 150 S.E. 2d 216, and cases cited. The judgment of the court below is affirmed.

Affirmed.