## STATE v. FLOYD DILLARD DYE.

(Filed 19 October, 1966.)

**1. Criminal Law § 131—**

   After a plea of guilty knowingly and voluntarily entered it is not error for the court, in fixing punishment, to permit the introduction of a record compiled by the Federal Bureau of Investigation concerning the defendant, the record being received in open court in the presence of defendant and there being no suggestion that the contents of the report were withheld from him or were not correct.

**2. Criminal Law § 24—**

   A plea of guilty knowingly and voluntarily entered obviates the necessity of proof of the offense by the State, and defendant may not assert variance between the bill of indictment and the proof as to the ownership of the property stolen.

APPEAL by defendant from *Clarkson, J.,* at the August 1966 Criminal Session of CALDWELL.

The defendant was indicted for the larceny of an automobile of the value of more than $200. When the case was called for trial, he entered a plea of guilty through his counsel. Before the plea was accepted, the court examined the defendant under oath. Upon such examination, the defendant stated that he was 35 years of age, and was not under the influence of any alcohol, drugs, narcotics or other pills; that he heard and understood the questions and statements of the court; that he understood the offense with which he was charged; that he understood that upon the entry of a plea of guilty he could be imprisoned for as much as ten years; that no one had made any promise or threat to him to influence him to enter such plea; that he had had sufficient time to confer with his counsel and had done so; and that he had authorized and instructed his counsel to enter a plea of guilty.

After the plea of guilty was so entered and accepted by the State, the solicitor introduced in evidence testimony of a police officer to the effect that the automobile exceeded $200 in value, and also introduced a record compiled by the Federal Bureau of Investigation concerning this defendant. According to this record, the defendant had previously been convicted of numerous and varied criminal offenses for which he had been sentenced to and had served terms of imprisonment in this State and elsewhere. The record also showed that he had been previously arrested on other charges, the disposition of which charges does not appear.

The court sentenced the defendant to imprisonment in the State's Prison for a term of not less than 8 nor more than 10 years.

The defendant assigns as error the admission into evidence of

the record of the Federal Bureau of Investigation, and the refusal of the court to set aside the judgment because of an alleged fatal variance between the allegation of ownership of the automobile in the indictment and proof of ownership thereof.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*
*Paul L. Beck for defendant appellant.*

PER CURIAM. The record does not show any exception by the defendant when the F.B.I. record was offered and received in evidence. The assignment of error with reference to the reception of this report in evidence is, therefore, ineffectual. *State v. Mallory,* 266 N.C. 31, 145 S.E. 2d 335; *State v. Maness,* 264 N.C. 358, 141 S.E. 2d 470. In any event, it was not error for the court, following the defendant's plea of guilty, to receive this record in evidence in open court and consider it in determining the sentence to be imposed. See *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126. There is no suggestion that the defendant and his counsel were not present, or that the contents of the report were withheld from them or were not correct.

There is no merit in the assignment of error relating to an alleged variance between the allegation in the bill of indictment and the proof concerning the ownership of the automobile. The plea of guilty entered by the defendant made it unnecessary for the State to offer evidence to prove the offense charged in the bill of indictment. 21 Am. Jur. 2d, Criminal Law, § 495. The indictment was sufficient in form and the sentence imposed does not exceed the maximum permitted under the statute. G.S. 14-70.

No error.