STATE v. RAYMOND CALDWELL, ALIAS RAYMOND McHONE.

(Filed 1 March, 1967.)

**1. Criminal Law § 23—**

A plea of guilty, knowingly and voluntarily entered in a court having jurisdiction, to an indictment and information validly charging criminal offenses, are formal confessions of guilt obviating the necessity of proof by the State.

**2. Criminal Law §§ 131, 139—**

Appeal from sentence entered upon a plea of guilty, knowingly and vol-

untarily made, presents only the record proper for review, and while defendant may contest on appeal the sufficiency and validity of the indictment and information, he waives all other defenses and may not object that the court in determining sentence admitted testimony of a statement made by defendant without having been advised of his constitutional right to remain silent.

**3. Criminal Law § 23—**

The record in this case *is held* to show affirmatively that defendant, who was represented by counsel, understood the charge against him, the nature and effect of his plea of guilty and the maximum sentence which might be lawfully imposed upon such plea, and that he entered the plea voluntarily without threat or inducement.

**4. Criminal Law § 131;   Constitutional Law § 36—**

The imposition of sentences which do not exceed the maximum fixed by the applicable statutes cannot be considered cruel and unusual punishment in the constitutional sense.

**5. Assault and Battery § 11—**

An indictment sufficiently charging defendant with assault with a deadly weapon, to wit, a pistol, with intent to kill and inflicting serious injury not resulting in death, G.S. 14-32, includes the offense of assault with a deadly weapon.

**6. Concealed Weapons § 2—**

An information charging that defendant, on a specified date, unlawfully and wilfully carried a concealed weapon, to wit, a pistol, about his person, the defendant not being at the time on his own premises, is an accurate and sufficient charge of violating G.S. 14-269.

**7. Criminal Law § 16—**

The Superior Court of Buncombe County has original jurisdiction over misdemeanors. G.S. 7-64.

APPEAL by defendant from *Martin, S.J.,* December 1966 Session of BUNCOMBE.

Criminal prosecution on an indictment charging defendant on 12 October 1966 with feloniously assaulting Hazel Bradley with a deadly weapon, to wit, a pistol, with intent to kill, and inflicting upon her serious injury not resulting in death, a violation of G.S. 14-32; and upon a written information signed by the solicitor charging defendant on 12 October 1966 with unlawfully and willfully carrying a concealed weapon, to wit, a pistol, about his person, he the said defendant not being at the time on his premises, a violation of G.S. 14-269.

A warrant charging defendant with feloniously assaulting Hazel Bradley on 12 October 1966 with a deadly weapon, to wit, a pistol, sworn to by a member of the Asheville police department before a deputy clerk of the police court of Asheville, was made returnable to the police court of the city of Asheville. In that court defend-

ant waived a preliminary hearing, and the action was transferred to the Superior Court of Buncombe County. The written information above referred to was initiated in the Superior Court. Immediately after the written information set forth in the record appears this:

> "Now comes Raymond Caldwell, and he, the said Raymond Caldwell, having been advised of his constitutional rights desires to be tried upon the Bill of Information filed instead of Bill of Indictment returned by the Buncombe County Grand Jury.
>
> > s/ Raymond Caldwell
> > Defendant
> > s/ Floyd D. Brock
> > Attorney"

In the Superior Court the defendant was represented by his court-appointed lawyer, Floyd D. Brock, and the indictment and information were read to him in the presence of his attorney, Floyd D. Brock. In respect to the indictment, defendant entered a plea of guilty of an assault with a deadly weapon upon Hazel Bradley, a misdemeanor, and a lesser degree of the felonious assault charged in the indictment, G.S. 15-170, and he pleaded guilty to the charge in the information. Whereupon, the presiding judge gave to defendant a paper containing questions, and asked him if he could read and write. Defendant replied, "Yes." Then the court asked him to fill out answers to the questions therein contained, which questions and answers were to the effect that he could understand the questions; that at the time he was not under the influence of any alcohol, drugs, narcotics, or other pills; that he understood what he was charged with in this case; that he understood that upon his pleas of guilty to the indictment and the information that he could receive a sentence of imprisonment for as much as four years; that neither the solicitor, nor his lawyer, nor any policeman or law officer, nor anyone else had made any promise to him that would influence him to plead guilty in this case; that neither the solicitor, nor his lawyer, nor any policeman or law officer, nor anyone else had made any threat to him to influence him to plead guilty in this case; that he had had time to confer with his lawyer; that he had authorized and instructed his lawyer to enter pleas of guilty; that he now entered pleas of guilty; and that these questions have been read and explained to him, and he has signed his name on the top line. The record states in substance that the paper containing the questions and defendant's answers was sworn to by defendant.

From a judgment of imprisonment for two years on defendant's

plea of guilty of assault with a deadly weapon, and from a judgment of imprisonment for two years upon the information of carrying a concealed weapon, said sentences to run consecutively, defendant appeals to the Supreme Court. The court-appointed trial attorney, Floyd D. Brock, was directed by the court to perfect his appeal to the Supreme Court.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Floyd D. Brock for defendant appellant.*

PARKER, C.J. Defendant's plea of guilty of assault with a deadly weapon upon Hazel Bradley, which is a lesser degree of the felonious assault charged in the indictment, and his plea of guilty to the charge in the information of carrying a concealed weapon, to wit, a pistol, are formal confessions of guilt by him before the Buncombe County Superior Court in which he was arraigned on these charges to which he pleaded guilty. *S. v. Crandall*, 225 N.C. 148, 33 S.E. 2d 861; *S. v. Robinson*, 224 N.C. 412, 30 S.E. 2d 320.

Defendant assigns as error that the court failed of its own motion to set aside his plea of guilty to a charge of carrying a concealed weapon when the State failed to produce evidence to support said charge. This assignment of error is overruled for the following reasons: (1) The record shows that defendant's plea of guilty to the information charging him with carrying a concealed weapon, to wit, a pistol, not being on his premises, was knowingly, intelligently, and voluntarily entered into, and this made it unnecessary for the State to offer evidence to prove the offense charged in the information. *S. v. Dye*, 268 N.C. 362, 150 S.E. 2d 507; 21 Am. Jur. 2d, Criminal Law, § 495; 22 C.J.S., Criminal Law, § 424(4); (2) the State's evidence, considered in the light most favorable to it, shows that defendant was carrying concealed about his person and off his premises a deadly weapon, to wit, a pistol; and (3) the facts charged in the information, of which the defendant admitted himself to be guilty, constitute an offense punishable under G.S. 14-269. *S. v. Perry*, 265 N.C. 517, 144 S.E. 2d 591; *S. v. Hodge* and *S. v. White*, 267 N.C. 238, 147 S.E. 2d 881.

The court heard the testimony of Hazel Bradley, her younger sister Jackie Bradley, Mrs. Etta Courtney, and R. D. Poore, a detective sergeant with the Asheville police department, all of whom were witnesses for the State. Hazel Bradley's testimony was to this effect in brief summary: She is 16 years old. She had seen defendant one time before for a period of about 30 minutes prior to the time he shot her with a pistol. She was standing in front of her

house "joking and going on" with Cecil Darnell. Her younger sister and Cathy Davis were present. Defendant pulled a gun out of his back pocket and said, "I'll put a stop to all the fussing," and shot her on the left side underneath the left collar bone. The bullet knocked her down. She was hemorrhaging from her mouth. Darnell lifted her head up and said, "Try not to swallow the blood." Defendant bent over and looked at her and said, "Cecil, she's dying." She received treatment at the hospital for 14 days.

Jackie Bradley, Hazel's younger sister, testified in brief summary: Darnell took hold of Hazel and bent her arm and kissed her. Hazel said, "Cecil, I hate you." Defendant pulled out the pistol and said, "Wait a minute, I'll stop the G. D. argument," and shot her.

R. D. Poore, a detective sergeant with the Asheville police department, testified on direct examination in brief summary: He investigated the shooting of Hazel Bradley. He spotted defendant on the railroad track at the back of Farmer's Federation, and about that time a freight train was leaving for Big Gap, Virginia, and defendant swung aboard the train. Defendant later told him the route he took after he got off the train. He swam the river to his house. Defendant told what had happened. He said they were sitting there talking and that Cecil Darnell and Hazel were joking and arguing back and forth, and, in a joking way, he pulled his gun out of his pocket and told them that he would stop the argument, and that the gun "went off." He said he did not mean to shoot the gun at all. He stated that he threw the pistol on a coal car when he swung on the train. Defendant did not object to this testimony, or other testimony of Poore, when it was offered. At the end of his testimony on direct examination appear the words, "EXCEPTION #4." On cross-examination of Poore by defendant, he testified, "His wife said it was her gun." Defendant, who elicited this testimony on cross-examination, has no exception to it in the record.

Mrs. Etta Courtney testified in substance: She was in the house of Hazel's mother. Jackie Bradley came running in the house and said, "Lord, have mercy, Mama, they's a man shot Hazel." Defendant and Darnell came into the living room, and defendant said, "Call the police on me, I shot this girl down in the yard, and I think she is dead." She called the police station and asked them to send an ambulance. She had never seen defendant before.

Defendant assigns as error that the court erred in allowing Poore to testify as to what the defendant said to him at the time of his arrest in the absence of evidence by the State that the defendant had been advised of his constitutional rights to remain silent and to refrain from making incriminating statements against

himself. Defendant also assigns as error that the trial court erred in allowing Poore to testify as to what defendant's wife said concerning the pistol. These assignments of error are overruled.

In *S. v. Newell,* 268 N.C. 300, 150 S.E. 2d 405, the Court said: "Defendant having pleaded guilty, his appeal presents for review only whether error appears on the face of the record proper." To the same effect, *S. v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800, and cases there cited. The indictment and information here are parts of the record proper. By such pleas of guilty, defendant is not precluded from claiming that the facts. alleged in the indictment or information do not constitute a crime under the laws of the State. *S. v. Perry,* 265 N.C. 517, 144 S.E. 2d 591; *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642; 21 Am. Jur. 2d, Criminal Law, § 495, p. 484; 22 C.J.S., Criminal Law, § 424(2).

In *Brisson v. Warden of Connecticut State Prison,* 25 Conn. Sup. 202, 200 A. 2d 250, defendant pleaded guilty to two counts of indecent assault and two counts of showing an obscene movie, and was sentenced to a term of not less than two and not more than seven years in the State's prison. Later he filed a petition alleging that he was illegally imprisoned in the State's prison for reasons set out in his "Statement of the Case and Petition for the Writ of *Habeas Corpus.*" In the petition for the writ of *habeas corpus* he alleged, *inter alia,* that he did not have counsel at the bind-over proceedings in the Circuit Court. The Court in its opinion in the *habeas corpus* proceeding said:

> "The plea of guilty waives any defect which is not jurisdictional. It is a confession of guilt in the manner and form as charged in the indictment. An accused by pleading guilty waives all defenses other than that the indictment charges no offense. He also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions. . . . See 4 Wharton, Criminal Law and Procedure, § 1901; 5 *id.* § 2012; 2 Underhill, Criminal Evidence (5th Ed.) § 398; 14 Am. Jur., Criminal Law, § 272; 22 C.J.S. Criminal Law, § 424; see also *Grasso v. Frattolillo,* 111 Conn. 209, 212, 149 A. 838; *Weir v. United States,* 92 F. 2d 634, 114 A.L.R. 481 (7th Cir.), cert. denied, 302 U.S. 761, 58 S. Ct. 368, 82 L. Ed. 590, rehearing denied 302 U.S. 781."

See also *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513; *S. v. Doughtie, supra.*

Defendant has not shown that there has been any violation of his fundamental constitutional rights or that he was denied the substance of a fair trial in a situation where he was not in a position

to protect himself because of ignorance, duress, or other reasons for which he should not be held responsible. The record shows affirmatively that defendant, who was represented by counsel, understood the charges against him, the nature and effect of his pleas of guilty, and the maximum sentences which might lawfully be imposed upon him if he entered such pleas, and that he entered the pleas of guilty to the offenses charged voluntarily, without threats or inducements or promises, and with a full understanding of the effect and possible consequences of such pleas of guilty. Certainly, the testimony defendant elicited from Poore by cross-examination that defendant's wife said the gun was hers did not incriminate him, and did him no harm. Even if defendant had not been warned by Poore or anyone of his constitutional rights, it seems manifest under the particular facts of this case and his pleas of guilty as above set forth that he intentionally, understandingly, and voluntarily relinquished or abandoned such rights. *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 146 A.L.R. 357.

Defendant assigns as error that the sentences imposed by the court were excessive. This assignment of error is overruled. The punishment imposed on his plea of guilty in the assault with a deadly weapon case does not exceed the limits fixed by G.S. 14-33. *S. v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633. The punishment imposed on his plea of guilty as charged in the information does not exceed the limits fixed by G.S. 14-269. We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *S. v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216, and five cases of ours to the same effect there cited.

The indictment accurately includes in its allegations the offense of an assault with a deadly weapon, to wit, a pistol, an offense punishable under the laws of this State, and the information contains accurate and sufficient allegations to constitute the carrying of a concealed weapon, to wit, a pistol, about the person and off his own premises, an offense punishable by the laws of this State.

The information was initiated in the Superior Court of Buncombe County, and because of that the Superior Court of Buncombe County had jurisdiction over the offense charged in the information, a misdemeanor, by virtue of the provisions of G.S. 7-64.

The proceeding and judgment of the court below are, therefore, free from error.

Affirmed.