STATE v. CLAUDE ELLIOTT.

(Filed 22 March, 1967.)

**1. Criminal Law § 154—**

An appeal is in itself an exception to the judgment, presenting the face of the record proper for review, even in the absence of exceptions in the record.

**2. Constitutional Law § 32—**

A defendant has the right to waive counsel and elect to appear *in propria persona*, and when the trial judge informs defendant in open court of the charges against him and of his right to have counsel appointed for him, and defendant then intentionally, understandingly and voluntarily waives his right to have court appointed counsel, his waiver is effective.

**3. Criminal Law § 23—**

A plea of guilty does not preclude defendant from claiming that the facts alleged in the indictment do not constitute a crime under the laws of the State.

**4. Escape § 1—**

An indictment charging that defendant, while serving a sentence for larceny of an automobile having a value of over $200, feloniously escaped from the prison camp in which he was held, sufficiently charges the offense of felonious escape. G.S. 148-45(a).

**5. Constitutional Law § 36—**

Punishment within the statutory maximum cannot be considered cruel or unusual in a constitutional sense.

APPEAL by defendant from *May, S.J.,* 2 January 1967 Criminal Session of NASH.

Criminal prosecution upon an indictment charging that defendant on 22 August 1966 while serving a sentence in North Carolina State Prison Camp No. 035 in Nash County for the crime of larceny of an automobile valued at over $200, which is a felony under the laws of the State of North Carolina, and which was imposed upon him at the October 1965 Session of the Superior Court of Johnston County, did willfully and feloniously escape from the said North Carolina Prison Camp No. 035 in Nash County.

G.S. 148-45(a) reads in part:

"Any prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years."

When the case was called for trial, the defendant in open court swore to and subscribed an affidavit entitled "Waiver of right to have appointed counsel," stating in substance as follows: He represents to the court that he has been informed of the charges against him, the nature thereof, the statutory punishment therefor, and the right to appointment of counsel upon his representation to the court that he is an indigent, all of which he fully understands. He further stated to the court that he does not desire the appointment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

Beneath defendant's above affidavit in the record appears a certificate signed by the trial judge, stating in substance: He certifies that defendant has been fully informed in open court of the charges against him and of his right to have counsel appointed by the court to represent him in this case; that he has elected in open court to be tried in this case without the appointment of counsel; and that he has executed the above waiver in his presence after its meaning and effect have been fully explained to him.

After defendant had waived his right to have counsel appointed for him in this trial by an affidavit in writing, he entered a plea of guilty as charged in the indictment. From a judgment imposed upon his plea of guilty that he be imprisoned in the State's prison for a term of not less than eight months nor more than twelve months, this sentence to begin at the expiration of case No. 12410 imposed in Johnston County Superior Court at the October Session 1965 for the larceny of an automobile, he appeals.

STATE *v.* ELLIOTT.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*R. G. Shannonhouse for defendant appellant.*

PER CURIAM. The record shows that defendant entered his plea of guilty and judgment was imposed upon him on 4 January 1967 during the 2 January 1967 Criminal Session of Nash. The record further shows that on 5 January 1967 the defendant wrote the trial judge a letter stating in substance that he was filing an appeal against the judgment imposed upon him in this case. Thereafter, on 18 January 1967 the court appointed R. G. Shannonhouse to perfect his appeal. On 3 February 1967 the court entered an order requiring Nash County to pay the necessary cost of obtaining a transcript of the trial proceedings and to pay the necessary cost of mimeographing the case on appeal and appellant's brief under the supervision of the Clerk of the Supreme Court of North Carolina. This is the customary procedure in this State for perfecting an appeal to the Supreme Court.

The record before us contains no assignment of error.

We have held repeatedly that an appeal is itself an exception to the judgment, presenting the face of the record proper for review, even in the absence of exceptions in the record. *S. v. Caldwell, ante* 521, 153 S.E. 2d 34; *S. v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800, and cases there cited; supplement to 1 Strong's N. C. Index, Criminal Law, § 154.

In *Johnson v. United States,* 318 F. 2d 855 (8 Cir.), cert. den. 375 U.S. 987, 11 L. Ed. 2d 474, the Court said:

"It is equally well settled that a defendant charged with a federal crime may waive his right to representation by counsel 'if he knows what he is doing and his choice is made with eyes open.' [Citing voluminous authority.]"

We think this statement is equally true of a defendant charged with a crime in a state court.

In *S. v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667, the Court said:

"The United States Constitution does not deny to a defendant the right to defend himself. Nor does the constitutional right to assistance of counsel justify forcing counsel upon a defendant in a criminal action who wants none. *Moore v. Michigan,* 355 U.S. 155, 2 L. Ed. 2d 167; *Carter v. Illinois,* 329 U.S. 173, 91 L. Ed. 172; *United States v. Johnson,* 6 Cir. (June 1964), 333 F. 2d 1004."

Defendant's plea of guilty in open court is a confession of crime

in the manner and form as charged in the indictment. However, defendant by his plea of guilty is not precluded from claiming that the facts alleged in the indictment do not constitute a crime under the laws of this State. *S. v. Caldwell, supra; Brisson v. Warden of Connecticut State Prison,* 25 Conn. Sup. 202, 200 A. 2d 250.

It appears positively and affirmatively and beyond a reasonable doubt from the record before us that defendant intentionally, understandingly, and voluntarily waived, relinquished, or abandoned his known right to have court-appointed counsel. *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 146 A.L.R. 357. It also appears positively and affirmatively and beyond a reasonable doubt from the record that the defendant, after having been informed in open court of the charges against him, the nature thereof, and the statutory punishment therefor, intentionally, understandingly, and voluntarily entered a plea of guilty in this case.

An examination of the record shows that the indictment accurately includes in its allegations the offense of defendant's escape from a State prison camp where he was serving a felony sentence imposed upon him for the larceny of an automobile, which is a violation of the provisions of G.S. 148-45(a) quoted above.

The punishment imposed upon defendant's plea of guilty does not exceed the limits fixed by the provisions of G.S. 148-45(a) quoted above. We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *S. v. Caldwell, supra; S. v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216, and five cases of ours to the same effect there cited. The record proper shows no error.

"The right of appeal is unlimited in the courts of North Carolina." *S. v. Darnell, supra.* The appeal in the instant case is a conspicuous illustration of the abuse of the power of appeal by an indigent defendant in a criminal case to the Supreme Court as a matter of right, and to have the taxpayers put to the expense of paying for the cost of the transcript of the trial proceedings, the cost of mimeographing the record and the brief filed for defendant, and of paying a fee to the defendant's lawyer for his services on appeal, when there is no merit at all in the appeal.

The judgment of the trial court is

Affirmed.