STATE OF NORTH CAROLINA v. DONNELL L. CARTER
No. 693SC399

(Filed 17 December 1969)

**Criminal Law § 161— appeal as exception to judgment**

An appeal itself is an exception to the judgment and, even in the absence of exceptions in the record, presents the face of the record proper for review.

APPEAL by defendant from *Bundy, J.,* 18 March 1969 Session of PITT Superior Court.

Defendant was charged, under valid bills of indictment, with assault with a deadly weapon with intent to kill and armed robbery. Upon a finding of defendant's indigency, counsel was appointed on 27 January 1969. To each charge defendant entered a plea of not guilty. The jury found him guilty as charged as to each offense. From judgments entered defendant appealed. The same counsel appointed for trial was appointed to perfect defendant's appeal.

*Attorney General Robert Morgan by Deputy Attorney General James F. Bullock for the State.*

*A. Louis Singleton for defendant appellant.*

MORRIS, J.

The record on appeal contains no exceptions nor assignments of error. Counsel for defendant candidly states in his brief that he has

carefully studied the record and finds no error but asks this Court, in fairness to the defendant, to review the record. Counsel for defendant, as he felt it was his duty to do, has filed a complete record on appeal, including the evidence and the charge of the court.

The Supreme Court of North Carolina has held repeatedly that an appeal itself is an exception to the judgment and, even in the absence of exceptions in the record, presents the face of the record proper for review. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967), and cases there cited.

We have reviewed the record before us and find no prejudicial error.

This is another conspicuous illustration of the abuse of the unlimited right of appeal by an indigent defendant at the cost of the taxpayers.

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.