STATE OF NORTH CAROLINA v. JAMES ROGERS

No. 7012SC41

(Filed 1 April 1970)

**1. Criminal Law § 161—** appeal as an exception to judgment

An appeal itself is an exception to the judgment and presents the face of the record proper for review.

2. **Escape § 1; Constitutional Law § 32— prosecution — waiver of counsel — plea of guilty**
   In a prosecution under G.S. 148-45 for felonious escape, it appeared from the record that the defendant knowingly, understandingly and intelligently waived his right to counsel and entered a plea of guilty.

APPEAL by defendant from *Bickett, J.,* 12 August 1969 Session of CUMBERLAND County Superior Court.

Defendant was serving a sentence for the larceny of an automobile at North Carolina Correctional Institution No. 3530 when, on 6 July 1969, he effected an escape. He was indicted and tried on 12 August 1969 on a plea of guilty to felonious escape under G.S. 148-45. The court certified that defendant elected in open court to waive appointment of counsel and that such waiver was executed after its meaning and effect had been fully explained to him. The court further "ascertains, determines and adjudges that the plea of guilty by the defendant is freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency." Defendant was sentenced to serve six months, which is the statutory minimum under G.S. 148-45(a), beginning at the expiration of any and all sentences imposed before the date of escape.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*J. A. Bouknight for defendant appellant.*

MORRIS, J.

On 4 September 1969 counsel for defendant was appointed due to defendant's indigency. Counsel then certified an appeal to this Court. No briefs were filed by either party and the State moved to dismiss the appeal for that reason under Rules 16, 27 and 28 of the Rules of Practice in the Court of Appeals of North Carolina and for the reason that defendant has withdrawn his appeal. Nevertheless, we shall decide the case on its merits.

[1]   An appeal itself is an exception to the judgment and presents the face of the record proper for review. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967). Defendant lists three assignments of error in the record. He contends that his waiver of counsel was not "willingly and intelligently" made because he did not understand his rights, that he did not "willingly and intelligently" plead guilty

because he did not understand the specific charges against him and that he was convicted of a specific crime that he did not commit.

It is said in *State v. Elliott, supra:*

"It appears positively and affirmatively and beyond a reasonable doubt from the record before us that defendant intentionally, understandingly, and voluntarily waived, relinquished, or abandoned his known right to have court-appointed counsel. *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 146 A.L.R. 357. It also appears positively and affirmatively and beyond a reasonable doubt from the record that the defendant, after having been informed in open court of the charges against him, the nature thereof, and the statutory punishment therefor, intentionally, understandingly, and voluntarily entered a plea of guilty in this case."

This language is applicable to the case at bar.

[2] It appears from the record that the defendant knowingly, understandingly and intelligently waived his right to counsel and knowingly, understandingly and intelligently entered a plea of guilty. The indictment is valid and the sentence within the statutory limits. No error appears in the record.

No error.

MALLARD, C.J., and VAUGHN, J., concur.