STATE OF NORTH CAROLINA v. RICHARD WITHERSPOON

No. 29

(Filed 13 October 1971)

1. **Criminal Law § 23— voluntariness of guilty pleas**
   There was plenary evidence to support the trial judge's finding that defendant freely, understandingly and voluntarily entered a plea of guilty of second degree murder and a plea of guilty of robbery with firearms.

2. **Criminal Law § 161— failure of record to contain assignments of error**
   When the case on appeal contains no assignments of error, the judgment must be sustained unless error appears on the face of the record.

APPEAL by defendant from *Lupton, J.,* 23 November 1970 Session of FORSYTH Superior Court.

Defendant was charged in two bills of indictment, one with murder in the first degree of Nelson Adams, and the other with robbery with firearms of Perley Roosevelt Mack. Upon the call of the cases the defendant, through his court-appointed counsel Robert M. Bryant, tendered pleas of guilty of murder in the second degree and of robbery with firearms. The trial judge carefully examined defendant under oath as to the voluntariness of each plea, and defendant under oath executed written transcripts containing full statements indicating that the pleas were understandingly and voluntarily made. The court thereupon adjudged that the pleas of guilty were freely, understandingly, and voluntarily made, and ordered that the pleas be accepted and entered in the record.

The State offered evidence tending to show that on 22 June 1970 Perley Roosevelt Mack drove from Pennsylvania to Winston-Salem, North Carolina, to visit a sister, Lilie Adams, who was in the hospital. He arrived in Winston-Salem about ten o'clock that night and stopped at a street corner where several people were congregated to ask directions to his sister's house. Defendant Witherspoon and Matthew Green were among the group and stated they were going in that direction and would show him the way. Both of them got in the car with Mack and went to 514 Locust Avenue, the home of Mack's sister and her husband, Nelson Adams. Adams was there and Mack asked Adams to go with him to take Green and Witherspoon back to

where he had picked them up. On the way back Green asked Mack to stop the car. When Mack did so, Green told Adams to give him his gun and money; when Adams replied that he had neither, Green shot him. After the shot Mack stepped on the accelerator and the car "took off." Witherspoon told Mack to stop and when Mack failed to do so, Witherspoon hit Mack with a knife and again told him to stop. When Mack kept going, Witherspoon grabbed the steering wheel, and the car ran into an embankment. Green then told Witherspoon to go through Mack's pockets and take what money he had. Mack had already thrown his billfold into some weeds (later found there by the officer), but Witherspoon took $6 or $7 and some change from Mack's pockets. Witherspoon and Green then turned and started running back the way they had come. Later that night Mack saw Witherspoon and Green and told an officer they were the men who had robbed him and shot Adams.

The State also offered Thelma Barbour and R. H. Frye, a Detective Sergeant with the Winston-Salem Police Department as witnesses. Their testimony tends to corroborate Mack and to show that Adams died from the gunshot wound inflicted by Green.

From sentences imposed, defendant appealed to the Court of Appeals. The cases were transferred to this Court by virtue of the transferral order of 31 July 1970.

*Attorney General Robert Morgan and Assistant Attorney General Mrs. Christine Y. Denson for the State.*

*Robert M. Bryant for defendant appellant.*

MOORE, Justice.

[1] There was plenary evidence to support the trial judge's finding that defendant freely, understandingly, and voluntarily entered his plea of guilty of second degree murder and his plea of guilty of robbery with firearms, and the acceptance of the pleas will not be disturbed. *State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433 (1971); *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34 (1967).

The record contains no exceptions and no assignments of error. The only question for review, therefore, is whether error appears on the face of the record proper.

[2] When the case on appeal contains no assignments of error, the judgment must be sustained unless error appears on the face of the record. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967); *State v. Newell,* 268 N.C. 300, 150 S.E. 2d 405 (1966); *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447 (1966); *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800 (1966). An examination of the record in the present case reveals that the indictments sufficiently charged the crimes to which defendant voluntarily pleaded guilty in a properly organized court, and that the sentences were within statutory limits.

We have carefully examined the record and find no error.

No error.