State v. Cross

---

*denied,* 288 N.C. 241 (1975) ; *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

.Appeal dismissed.

Judges MORRIS and MARTIN concur.

═══════════

STATE OF NORTH CAROLINA v. DOLAN CROSS

No. 7519SC588

(Filed 5 November 1975)

**Assault and Battery § 17; Constitutional Law § 36— assault with deadly weapon — maximum sentence not cruel and unusual**

    Imposition of the maximum sentence of imprisonment of two years upon defendant's conviction for assault with a deadly weapon did not constitute cruel and unusual punishment.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 12 February 1975 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 22 October 1975.

Defendant was found guilty of assault with a deadly weapon. From the imposition of a sentence of imprisonment for two years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William A. Raney, Jr., for the State.*

*Ottway Burton and Millicent Gibson, for defendant appellant.*

VAUGHN, Judge.

Any person who commits an assault or an assault and battery, (unless his conduct is covered by some other provision of law providing greater punishment), using a deadly weapon, is guilty of a misdemeanor punishable by fine, imprisonment for not more than two years, or both such fine and imprisonment. G.S. 14-33 (b) (1).

Defendant's sole assignment of error is that the trial court, by awarding the maximum sentence provided by law, has in-

flicted cruel and unusual punishment on defendant, under the circumstances of this case.

As long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office. *State v. Spencer,* 7 N.C. App. 282, 172 S.E. 2d 280, modified on other grounds, 276 N.C. 535, 173 S.E. 2d 765.

A sentence of imprisonment which is within the limitation authorized by statute cannot be held cruel or unusual in the constitutional sense. *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34; *State v. Newell,* 268 N.C. 300, 150 S.E. 2d 405; *State v. Garris,* 265 N.C. 711, 144 S.E. 2d 901.

No error.

Judges BRITT and ARNOLD concur.