STATE OF NORTH CAROLINA v. LENWOOD ALSTON, Petitioner.

(Filed 5 May, 1965.)

**1. Criminal Law § 23—**

Where the court finds, upon supporting evidence, that defendant, represented by counsel, signed a plea of guilty voluntarily and understandingly, the findings are conclusive and defendant's contention that his attorney entered the plea without his knowledge or consent and that neither the court nor the attorney informed him of the effect of his signing the paper writing, is untenable.

STATE *v.* ALSTON.

**2. Conspiracy §§ 3, 8—**

A conspiracy to commit a felony is a felony, and a conspiracy to murder is an infamous offense subjecting the offender to imprisonment not to exceed ten years. G.S. 14-2.

**3. Criminal Law § 131—**

A life sentence imposed upon defendant's plea of conspiracy to murder must be vacated, but the vacation of the sentence does not affect the plea, and the cause must be remanded to the Superior Court for proper sentence, which must provide credit for time served by defendant in execution of the vacated sentence.

ON *certiorari* to review judgment of *Carr, J.,* at Chambers December 4, 1964. From FRANKLIN.

Proceedings in Post-Conviction Review (G.S., C. 15, Art. 22) and on writ of *Habeas Corpus.*

Petitioner Lenwood Alston and two other persons were indicted by the grand jury at the October 1962 Term of the Superior Court of Franklin County for conspiracy to murder one Kinchen Williams. At that term petitioner entered a plea of guilty to the charge. The plea was in writing and subscribed by petitioner and his attorney W. M. Jolly. The plea was accepted in writing by the solicitor and the presiding judge. Judgment was entered that petitioner be "imprisoned in State's prison for and during the term of his natural life." He was committed to prison on 18 October 1962.

On 18 May 1964 petitioner filed in the Superior Court of Franklin County an application for post-conviction review, asserting petitioner's innocence of the charge, and alleging that his attorney entered the plea of guilty without his knowledge and consent, neither the court nor his attorney informed him of the effect of signing the paper writing, and, if it should be found that the plea was voluntarily and understandingly signed and entered, the term of imprisonment imposed is excessive. Attorney Thomas F. East was appointed to represent petitioner in the proceeding. The cause came on for hearing before Carr, J., and evidence was presented by petitioner and the State. The judge made findings of fact on all material questions presented; it was found, among other things, that petitioner was represented at the trial by able and competent counsel, he knew and understood the nature of the charge pending against him, and he voluntarily and understandingly entered a written plea of guilty to the indictment after having been advised of the consequences by his counsel and the court. The judge ruled that petitioner is not entitled to a new trial and that the question of excessive punishment would more appropriately be considered on petition for writ of *habeas corpus.* On 17 November 1964 petitioner had filed application for such writ, alleging therein the invalidity of

the judgment of imprisonment. The writ had been issued. With respect to the judgment of imprisonment, Judge Carr was of the opinion there was merit in petitioner's contention that his prison term was excessive. Inasmuch as petitioner had not served the maximum term which could have legally been imposed for the conspiracy charged, and petitioner desired to apply to the Supreme Court for writ of *certiorari* to review the judgment with respect to the post-conviction review, the judge continued the hearing in the *habeas corpus* proceeding "until and after such time as the Supreme Court . . . ruled upon the *Writ of Certiorari.*"

Petition for *certiorari* was filed in Supreme Court and was allowed. The entire record was brought up for review.

*T. W. Bruton, Attorney General, and Theodore C. Brown, Staff Attorney for the State.*
*Thomas F. East for Petitioner.*


PER CURIAM. We find no error in the judgment below denying petitioner a new trial. The findings of fact upon which the judgment is based are fully supported by the evidence. From a consideration of all the evidence, it is difficult to perceive how the judge could have arrived at any other conclusion.

The life sentence imposed at the trial is clearly unlawful and excessive. No specific punishment is prescribed by statute for conspiracy to murder. Murder is a felony. A conspiracy to commit a felony is a felony. *State v. Terrell,* 256 N.C. 232, 123 S.E. 2d 469. "Every person who shall be convicted of any felony for which no specific punishment is prescribed by statute shall be imprisoned in the county jail or State prison not exceeding two years . . . , or if the offense be infamous, the person offending shall be imprisoned in the county jail or State prison not less than four months nor more than ten years, or be fined." G.S. 14-2. A conspiracy to murder is an infamous offense. Upon defendant's plea to the indictment, he was subject to a judgment of imprisonment for a term not to exceed ten years.

The life sentence imposed by the court at the October 1962 Term of the Superior Court of Franklin County, in consequence of petitioner's plea of guilty to the indictment for conspiracy to murder Kinchen Williams, cannot be sustained. However, petitioner is not entitled to a discharge or a new trial. The plea stands. The life sentence is vacated and the cause is remanded to the Superior Court of Franklin County with direction that a proper judgment be entered. The court below, in pronouncing sentence, should be careful to so condition its judgment as

to allow petitioner credit for the time he has served in execution of the sentence herein vacated.

The proper officials of the State's prison are directed to deliver the petitioner to the Sheriff of Franklin County prior to the convening of the Session of Superior Court for the trial of criminal cases to be held in said county next after the certification of this opinion.

Error and remanded.