STATE OF NORTH CAROLINA v. SALLIE JO WYNN

No. 37

(Filed 14 April 1971)

1. **Criminal Law § 23— acceptance of guilty plea — determination of defendant's sobriety**

    Trial court was warranted in accepting *femme* defendant's plea of guilty to voluntary manslaughter, where defendant's affirmative answer to the trial court's question, "You're sober now?", cleared up any uncertainty stemming from her previous answer that she was under the influence of "little alcohol."

2. **Criminal Law § 23— acceptance of guilty plea — sufficiency of findings**

    Trial court's acceptance of a guilty plea will not be disturbed on appeal where there is plenary evidence that the plea was freely, voluntarily, and understandingly made.

3. **Criminal Law § 23— plea of guilty — question presented on appeal**

    A voluntary plea of guilty obviates any necessity of proof by the State, and an appeal therefrom presents for review only whether the indictment charges an offense punishable under the Constitution and law.

4. **Criminal Law § 23— acceptance of guilty plea — admission of evidence — punishment — withdrawal of plea**

    The trial court may allow a defendant to withdraw his guilty plea if the evidence presented on the question of punishment is insufficient to support a jury conviction of guilt.

5. **Homicide § 6— voluntary manslaughter**

    Voluntary manslaughter is the unlawful killing of a human being without malice, express or implied, and without premeditation or deliberation.

**6. Homicide § 6— manslaughter — heat of blood — adequate provocation**

One who kills a human being while under the influence of passion or in the heat of blood produced by adequate provocation is guilty of manslaughter.

**7. Homicide § 1— unintentional killing of third party — liability of accused**

One who is engaged in an affray with another and unintentionally kills a third person shall be adjudged with reference to his intent and conduct towards his adversary.

**8. Homicide § 9— plea of self-defense — applicable circumstances**

A person who aggressively and willingly enters into an affray without legal excuse or provocation cannot invoke the plea of self-defense.

**9. Criminal Law § 23— guilty plea — homicide case — whether evidence justified withdrawal of the plea**

Evidence presented after *femme* defendant's guilty plea to the manslaughter of her father-in-law did not require the trial judge to advise defendant to withdraw her guilty plea, where the evidence allowed a reasonable inference that the homicide occurred when the wife willingly and without provocation entered into a second affray with her husband after he had voluntarily quit the first affray.

APPEAL by defendant from *McConnell, J.,* at the 26 October 1970 Criminal Session of UNION.

Defendant was indicted for murder in the first degree of her father-in-law, Otha Wynn. When the case came on for trial defendant, through her privately employed counsel, Byron E. Williams, tendered a plea of guilty of voluntary manslaughter. The Solicitor indicated willingness to accept the plea. Before approving acceptance of the plea, the trial Judge carefully examined defendant as to her voluntariness and understanding in entering the plea. The Judge's preliminary questions included, *inter alia,* the matter included in the written transcript of plea which was later signed by defendant under oath. In the sworn transcript of plea, defendant, among other things, stated that she was not under the influence of any alcohol, drug, narcotics, or other pills, and that she understood that she had the right to plead not guilty and to be tried by a jury; that she pleaded guilty to the charge of voluntary manslaughter, and that she was, in fact, guilty; that she authorized her attorney to enter the plea of guilty to voluntary manslaughter, and that she had had ample time to confer with her attorney, and that she was satisfied with the services of her attorney; that she had ample time to subpoena witnesses and was ready for trial.

The Court thereupon found that defendant's plea was freely, voluntarily and understandingly made, and ordered that defendant's plea of guilty be entered into the record.

The State offered evidence which tended to show:

On the morning of 30 June 1970 defendant and her husband were fighting in the kitchen of their home. Defendant stabbed her husband in the neck with a butcher knife. Her husband ran out into the yard and she followed. The fighting resumed in the yard, and when Otha Wynn, the deceased, tried to separate them, he was stabbed by defendant with the butcher knife. Otha Wynn died as a result of the wound inflicted by defendant.

Defendant, testifying in her own behalf, stated that on the morning of 30 June 1970 she and her husband were fighting in front of their house. She got away from him and ran into the kitchen of the house. He followed her inside, and while they were fighting in the kitchen she stabbed him in the neck with a butcher knife. He went out of the kitchen and she followed him back into the yard, knife in hand, to see if he was hurt. Her husband then slapped her several times, and when she struck at him with the knife Otha Wynn came between them and was stabbed. She testified: "I was striking at my husband because he was slapping me and was still beating me, . . . I intended to stab my husband instead of him. I had the knife because my husband was beating me."

The State and defendant rested, and the Court imposed sentence confining defendant to the North Carolina Department of Corrections for a term of not less than ten years, nor more than twenty years.

Defendant's counsel thereafter requested permission to present additional witnesses. The Court allowed the request. Henry White and Jacob Otha Wynn testified in corroboration of defendant as to how the killing occurred. The State then offered evidence which tended to show that both Henry White and Jacob Otha Wynn had previously stated that they did not know what had happened on the morning of the killing.

The Court thereupon ordered that the original sentence remain in effect.

After final entry of judgment and notice of appeal, the trial Judge, on 29 October 1970, found defendant to be indigent and appointed Roy H. Patton, Jr., as her attorney for the appeal.

State v. Wynn

This case is before us pursuant to our general referral order effective 1 August 1970.

*Attorney General Morgan, Assistant Attorney General Melvin, and Assistant Attorney General Costen for the State.*

*Roy H. Patton for defendant.*

BRANCH, Justice.

Defendant contends that the trial judge erred in accepting her plea of guilty of manslaughter because it was not freely, voluntarily and understandingly made.

Defendant points to two portions of the record which relate to the trial judge's examination of her prior to his approval of her tendered plea of guilty of manslaughter.

[1] The first exchange between the trial judge and defendant was as follows:

Q. Are you able to understand me now?

A. Yes, sir.

Q. Are your under the influence of any alcohol, drugs, pills or medicines of any sort at this time?

A. Little alcohol.

Q. I'm talking about now?

A. No, sir.

Q. You're sober now?

A. Yes, sir.

Q. You haven't taken any drugs?

A. No, sir.

Defendant argues that the court should have determined exactly what she meant by the words "little alcohol." Her affirmative answer to the question, "You are sober now?" did exactly that. It is clear that she referred to the morning of the killing. At the time the trial judge posed his questions he was interested solely in her sobriety at the time when she tendered the plea of guilty.

State v. Wynn

The other portion of the record contains this colloquy between the judge and defendant:

Q. You still consent to that plea? It's up to you and Mr. Williams. You still consent to that plea?

A. Yes, sir.

Q. You don't have to.

MR. WILLIAMS: I just told her she didn't have to if she didn't want to.

Q. You have any other questions about your plea?

A. No, sir.

COURT: I think you better go over this with her. If she has any questions, I'd rather she'd bring it up now than later.

NOTE: Conference with defendant by Mr. Williams.

Q. Can you read and write?

A. Yes, sir.

COURT: Does she understand that?

MR. WILLIAMS: Yes, sir.

COURT: Let her stand up before the Clerk and be sworn.

MR. WILLIAMS: I have explained it to her 3 or 4 times.

NOTE: Defendant sworn to Transcript of Plea.

This portion of the record reflects only the concern of a careful and painstaking trial judge that this youthful defendant be given every opportunity to act understandingly and voluntarily in the entry of her plea. The trial judge carefully examined defendant concerning the voluntariness of her plea and, after his personal examination, he required defendant's privately employed attorney to again explain to her the effect of entering the plea of guilty.

[2] Thereupon, the trial judge found that defendant's plea of guilty of voluntary manslaughter was freely, voluntarily and understandingly made. There was plenary evidence to support this finding, and where the evidence supports a finding that

a defendant freely, voluntarily and understandingly enters a plea of guilty, the acceptance of the plea will not be disturbed. *State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433 (filed 10 March 1971) ; *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34; *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591; *State v. Alston,* 264 N.C. 398, 141 S.E. 2d 793; *Brady v. U. S.,* 397 U.S. 742, 25 L. Ed. 2d 747, 90 S.Ct. 1463. We hold that the trial judge did not err in accepting and approving the entry of defendant's plea.

Defendant next contends that the trial judge erred in not advising defendant to withdraw her plea of guilty of manslaughter because the evidence was not sufficient to support a plea or verdict of guilty of voluntary manslaughter.

[3, 4] Defendant's voluntary plea of guilty obviated any necessity of proof by the State, and when such plea was entered, her appeal presents for review only whether the indictment charges an offense punishable under the Constitution and law. *State v. Caldwell, supra; State v. Perry, supra; State v. Hodge* and *State v. White,* 267 N.C. 238, 147 S.E. 2d 881. The primary function of the court's discretionary decision to hear evidence after a voluntary plea of guilty is entered is to determine the nature and extent of punishment to be imposed; however, if the court determines that the evidence is insufficient to convict the defendant before a jury of the crime to which he has pleaded guilty, the court may in its sound discretion allow the defendant to withdraw his plea. *State v. Branner,* 149 N.C. 559, 63 S.E. 169; *State v. Barbour,* 243 N.C. 265, 90 S.E. 2d 388; *State v. Caldwell, supra; State v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861.

[5, 6] Voluntary manslaughter is the unlawful killing of a human being without malice, express or implied, and without premeditation or deliberation. *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Street,* 241 N.C. 689, 86 S.E. 2d 277; *State v. Burrage,* 223 N.C. 129, 25 S.E. 2d 393. One who kills a human being while under the influence of passion or in the heat of blood produced by adequate provocation is guilty of manslaughter. *State v. Cooper,* 273 N.C. 51, 159 S.E. 2d 305; *State v. Watson,* 222 N.C. 672, 24 S.E. 2d 540.

In connection with this contention defendant argues that she was not guilty because she did not intend to harm the deceased, Otha Wynn.

**[7]**  It is an accepted principle of law that where one is engaged in an affray with another and unintentionally kills a bystander or a third person, his act shall be interpreted with reference to his intent and conduct towards his adversary. Criminal liability, if any, and the degree of homicide must be thereby determined. Such a person is guilty or innocent exactly as the fatal act had caused the death of his adversary. It has been aptly stated that "The malice or intent follows the bullet." 40 Am. Jur., 2d Homicide, § 11, p. 302; *State v. Rogers,* 273 N.C. 330, 159 S.E. 2d 900; *State v. Dalton,* 178 N.C. 779, 101 S.E. 548.

Finally, defendant takes the position that the trial court should have advised her to withdraw her plea because the evidence clearly showed that she acted in self-defense.

**[8]**  If a person be without fault in bringing on an affray, he may kill in self-defense if it is necessary, or appears to him to be necessary, in order to save himself from death or great bodily harm. The reasonableness of his apprehension is for the jury to determine from the circumstances as they appeared to him. *State v. Cooper, supra; State v. Kirby,* 273 N.C. 306, 160 S.E. 2d 24; *State v. Miller,* 267 N.C. 409, 148 S.E. 2d 279. This defense cannot be invoked when a person aggressively and willingly enters into a fight without legal excuse or provocation. *State v. Church,* 229 N.C. 718, 51 S.E. 2d 345. And in exercising the right of self-defense one can use no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm. The use of excessive force in self-defense which results in a killing constitutes at least manslaughter. *State v. Cooper, supra; State v. Mosley,* 213 N.C. 304, 195 S.E. 830; *State v. Glenn,* 198 N.C. 79, 150 S.E. 663.

**[9]**  Defendant's action in following her husband from the house after he had quit the first fight negates any contention that she was without fault. The evidence allows a reasonable inference that she willingly entered into a second affray and at that time used excessive force under the circumstances. Certainly, the evidence as to her claim of self-defense was not so compelling as to demand that the trial judge allow her to withdraw her voluntary plea of guilty.

There was ample evidence from which a jury could have properly returned a verdict of guilty of voluntary manslaugh-

ter. In fact, the evidence in this case might well have justified a jury verdict of a higher degree of homicide.

We have carefully examined the entire record, and in the trial and proceedings below we find

No error.