STATE OF NORTH CAROLINA v. RALPH OGBURN

No. 8218SC690

(Filed 1 February 1983)

**Homicide § 28.1— instruction on self-defense not required**
    In this prosecution for felonious assault, the trial court was not required to instruct the jury on self-defense where defendant's testimony tended to show that a gun accidentally discharged while in the victim's hand when the defendant pushed the victim's hand and ducked, since such evidence tended to show an accident rather than self-defense.

APPEAL by defendant from *Davis, Judge.* Judgment entered 11 March 1982 in Superior Court, GUILFORD County. Heard in Court of Appeals 13 January 1983.

Defendant was charged in a proper bill of indictment with assaulting Pandora Ogburn (his wife) with a deadly weapon with intent to kill by shooting her in the head with a pistol inflicting serious injury.

Defendant was found guilty as charged, and appealed to this court from a judgment imposing a prison sentence of twenty years.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James E. Magner, Jr. for the State.*

*W. Steven Allen for the defendant, appellant.*

State v. Ogburn

HEDRICK, Judge.

Defendant assigns error to the trial court's refusal to instruct the jury on self-defense. At trial, the State offered evidence tending to show that the defendant and his wife got into an argument, and the wife grabbed the defendant's "pants" and took a pistol from one of the pockets. Defendant took the gun away from his wife and shot her in the head inflicting serious and permanent personal injuries.

The defendant told the officer: "I don't know how many times I hit her but I know I emptied the gun."

At trial the defendant testified as follows:

She reached in my pants pocket, pulled out the gun, and when she pulled out the gun, she pulled the trigger. I grabbed her hand and, you know, she fired it this way a few times. She fired—I don't know how many times—but she fired this way toward the wall, because she tried to fire at me. I was pushing her hand away like this so she finally got the gun up towards me like she was going to shoot me in the head and I ducked and pushed and when I ducked and pushed, the bullet hit the left side of her head and that's exactly how it happened.

We hold that the evidence presented by the defendant was not sufficient to warrant an instruction by the judge on self-defense. The evidence was sufficient to require instructions on the defense of accident and the trial judge properly gave such a charge to the jury. According to the defendant he did not shoot the victim at all. Rather, the gun accidentally discharged while in the victim's hand when the defendant pushed the victim's hand and ducked. An instruction on self-defense would have in effect suggested that the defendant was justified in shooting the victim, an act which from his testimony he did not do. Therefore, the trial court did not err in refusing defendant's request for an instruction on self-defense.

Defendant's second assignment of error pertains to the exclusion of evidence relating to the character of the victim. The evidence in question was offered to show the defendant's reasonable apprehension of bodily harm in developing his defense of self-defense. Since the issue of self-defense is one not borne out

by the evidence, we find the second assignment of error raised in defendant's brief without merit.

We find the defendant had a fair trial free from prejudicial error.

No error.

Judges JOHNSON and EAGLES concur.