STATE OF NORTH CAROLINA v. THOMAS EDISON LONG

No. 8713SC250

(Filed 15 September 1987)

**1. Homicide § 30.2— murder case—failure to instruct on voluntary manslaughter**

The trial court properly declined to submit to the jury the issue of defendant's guilt of the lesser offense of voluntary manslaughter where the evidence tended to show that, after disconnecting the telephone wires, defendant waited outside the house where his wife lived until she and a male friend came outside and got into the friend's car; defendant approached the vehicle from the

rear with his pistol drawn; when the victim refused his command to stay inside the vehicle, he pushed her with one hand, raised the other hand in which he held his pistol, and shot her; defendant testified that he did not intend to fire the weapon and intended no harm to his wife; and there was no evidence tending to show that defendant shot his wife in the heat of passion on sudden provocation.

**2. Homicide § 21.7— second degree murder—sufficiency of evidence**

Evidence was sufficient to support defendant's conviction of second degree murder where it tended to show that defendant, after grabbing his wife with his left hand and pushing her down, raised his pistol and fired it, striking his wife in her chest, and that she died as a result of the wound.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 13 October 1986 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 2 September 1987.

Defendant was charged with the first degree murder of his wife, Annette H. Long, and with assault with a deadly weapon with intent to kill inflicting serious bodily injury upon Cyril Franklin Thomas. He entered pleas of not guilty. A jury returned verdicts finding defendant guilty of second degree murder and assault with a deadly weapon with intent to kill inflicting serious bodily injury. Judgments were entered imposing consecutive presumptive sentences of imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John H. Watters, for the State.*

*William R. Shell for defendant appellant.*

MARTIN, Judge.

Although defendant gave notice of appeal from both convictions, he brings forward in his brief assignments of error relating only to his conviction of the second degree murder of Annette Long. We conclude, therefore, that defendant has abandoned his exceptions and assignments of error with respect to his conviction of feloniously assaulting Cyril Franklin Thomas. App. R. 28 (a); *State v. Wilson,* 289 N.C. 531, 223 S.E. 2d 311 (1976).

With respect to his conviction of murder, defendant brings forward two assignments of error. First, he contends the trial court erred in denying his request for an instruction as to the lesser offense of voluntary manslaughter. Second, he assigns er-

ror to the denial of his motion to dismiss the homicide charges for insufficiency of the evidence. We have considered each assignment of error and find no merit in either contention.

At trial, the State offered evidence tending to show that in March 1986 defendant and his wife, Annette "Jenny" Long, were separated and Mrs. Long was renting a room at Barbara Lewis's residence in the Olde Towne subdivision in Brunswick County. For about six weeks prior to 25 March 1986, Mrs. Long had been seeing Cyril Franklin "Franky" Thomas. On 25 March 1986, in response to an invitation from Mrs. Long, Thomas went to Barbara Lewis's residence, arriving at about 9:30 p.m. Shortly after 11:00 p.m., Thomas and Mrs. Long left the house and got into Thomas's Bronco, which was parked in the rear of the residence. As Thomas started the vehicle, defendant approached it from the rear on the driver's side. Defendant was holding a .357 caliber revolver in his right hand, but was not pointing it at Thomas. Despite defendant's command for her to stay in the vehicle, Mrs. Long got out of the Bronco and stood beside the passenger door. Defendant walked around the rear of the vehicle and grabbed Mrs. Long's right arm or shoulder with his left hand. Mrs. Long fell back, reaching for and grabbing defendant's left arm as she fell. Thomas, who had remained in the Bronco, saw defendant bending over Mrs. Long and then saw defendant's right arm tighten up and raise about three inches. He heard the gun go off and saw a flash. Thomas backed out of the driveway. As he did so, defendant turned and fired at the Bronco. The shot went through the vehicle's windshield and struck Thomas in his left shoulder.

Mrs. Long died at New Hanover Hospital at approximately 2:00 a.m. on 26 March 1986. Medical testimony tended to show that she died as a result of a gunshot wound to her right chest. Thomas was treated at New Hanover Hospital, where a bullet was removed from his left shoulder.

Defendant testified and offered evidence tending to show that on the night of 25 March 1986 he had drinks with his stepdaughter and her friends and started to his home at Leland. He decided to drive by Barbara Lewis's house to see if Mrs. Long's car was there. When he did so, he saw Thomas's Bronco parked behind the house next to a privacy fence. He knew that Mrs.

Long and Thomas had dated. Defendant parked his truck where it could not be seen from the Lewis residence and walked to the rear of the house. He carried a pistol with him because he knew that Thomas carried a gun in his vehicle. He testified that he was not angry with Thomas or Mrs. Long, but that he wanted to talk with Thomas about not interfering with his efforts at a reconciliation with Mrs. Long.

Waiting for Thomas to leave the Lewis house, defendant walked around the yard and onto the back porch; he sat smoking cigarettes at a picnic table and later in Mrs. Long's car. Afraid he would be reported as a prowler, he disconnected Barbara Lewis's telephone line. After waiting about twenty minutes, he decided Thomas was going to stay all night, and, not wanting to wait that long, he decided to go home. Defendant testified he wanted Thomas to know he had been there so he turned the outside mirrors on Thomas's Bronco to face the front of the vehicle.

As defendant was preparing to leave, Thomas and Mrs. Long came out of the house and got into Thomas's Bronco. Defendant decided to speak to both of them "to stop this before it gets any further." Defendant testified that he went to the driver's side of the Bronco and held his pistol up so that Thomas would know he had a gun. He did not point the pistol at Thomas. He told Mrs. Long to stay in the truck because he wanted her to listen to what he had to say. When she got out of the Bronco, he went around the vehicle and met her just behind the passenger door. He testified that Mrs. Long stumbled and that he reached out and pushed her back toward the door of the Bronco with his left hand and told her to get into the vehicle. He was holding the gun down by his side with his right hand. He did not raise his right arm or point the pistol at Mrs. Long; he did not intend to shoot her. As he pushed her toward the Bronco, she made a turning motion and somehow the pistol discharged. He did not know that Mrs. Long was hit until she said, "Tom, I'm shot." At that point, Thomas started backing the Bronco out of the yard. Defendant, realizing that Mrs. Long needed help, hollered for Thomas to stop and fired his pistol into the air. When Thomas kept going, defendant lowered his pistol and fired in the direction of the Bronco. He testified, however, that he did not intend to shoot Thomas.

[1]   The trial court instructed the jury as to first degree murder, second degree murder, and involuntary manslaughter. The jury

was also instructed that defendant would not be guilty of any crime if Mrs. Long died as a result of an accident not involving criminal negligence. The defendant requested that the trial court submit to the jury the issue of his guilt of voluntary manslaughter and assigns error to the court's refusal to do so.

The court is required to instruct the jury as to a lesser included offense only when there is evidence from which the jury could find that such lesser offense was committed. *State v. Jones*, 291 N.C. 681, 231 S.E. 2d 252 (1977). Voluntary manslaughter is a lesser included offense of murder and is defined as the unlawful killing of a human being without malice, premeditation or deliberation. *State v. Jones*, 299 N.C. 103, 261 S.E. 2d 1 (1080). Killing another "while under the influence of passion or in the heat of blood produced by adequate provocation" is voluntary manslaughter. *State v. Wynn*, 278 N.C. 513, 518, 180 S.E. 2d 135, 139 (1971). To reduce the crime of murder to voluntary manslaughter, the defendant must either "rely on evidence presented by the State or assume a burden to go forward with or produce some evidence of all elements of heat of passion on sudden provocation." *State v. Robbins*, 309 N.C. 771, 777-78, 309 S.E. 2d 188, 192 (1983). Heat of passion upon sudden provocation may be established if the defendant kills his spouse or spouse's paramour immediately upon discovery of the pair "in the very act of intercourse, or under circumstances clearly indicating that the act had just been completed, or was 'severely proximate.'" *State v. Ward*, 286 N.C. 304, 312-13, 210 S.E. 2d 407, 413-14 (1974), *death penalty vacated by* 428 U.S. 903, 49 L.Ed. 2d 1207, 96 S.Ct. 3206 (1976).

In the present case, there is no evidence tending to show that defendant shot Mrs. Long in the heat of passion on sudden provocation. The State's evidence showed that, after disconnecting the telephone wires, defendant waited outside the house where his wife lived until she and Thomas came outside and got into Thomas's vehicle. He approached the vehicle from the rear with his pistol drawn. When Mrs. Long refused his command to stay inside the vehicle, he pushed her with one hand, raised the other hand in which he held his pistol and shot her.

The defendant testified that he did not intend to fire the weapon and intended no harm to Mrs. Long. He testified that he was not angry with Mrs. Long or with Thomas, that he wanted to

tell Thomas "to leave my wife alone, that I felt like we would work the problems that we had out and we could get back together, that our difficulties were not that serious. It wasn't a matter of adultery or anything like that, that we could work it out. And I wanted him to just get out of the picture." Defendant's testimony, if believed, shows an unintentional homicide, rather than an intentional killing committed in the heat of passion upon sudden provocation. Even defendant's testimony that he observed no lights inside the Lewis house and thought Thomas was going to stay all night raises no more than a suspicion that Mrs. Long and Thomas were engaging in adultery inside the house. "[A] mere suspicion, belief, or knowledge of past adultery . . . will not change the character of the homicide from murder to manslaughter." *State v. Ward, supra* at 313, 210 S.E. 2d at 414.

A killing in the heat of passion upon sudden provocation is not shown by the State's evidence, nor has defendant gone forward with or produced any evidence to reduce the killing from murder to voluntary manslaughter. We hold, therefore, that the trial court properly declined to submit to the jury the issue of defendant's guilt of voluntary manslaughter.

[2]  Defendant's next assignment is directed to the denial of his motion to dismiss the charge of murder and all lesser included offenses. He contends that the State failed to present evidence sufficient to show that he shot Mrs. Long intentionally and with malice. We disagree.

When ruling on a motion to dismiss in a criminal trial, the court must consider the evidence in the light most favorable to the State and give to the State the benefit of every reasonable inference which may be drawn from the evidence. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). The motion is properly denied if there is substantial evidence of each essential element of the crime alleged in the indictment or of a lesser offense included therein. *Id.* "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 66, 196 S.E. 2d at 652, *quoting State v. Smith*, 300 N.C. 71, 78-79, 265 S.E. 2d 164, 169 (1980).

There is evidence in this case which tends to show that defendant, after grabbing Mrs. Long with his left hand and pushing her down, raised his pistol and fired it, striking Mrs. Long in her

chest, and that she died as a result of the wound. This evidence is sufficient to support a jury finding that defendant intentionally assaulted Mrs. Long with a deadly weapon, proximately causing her death. Proof of an intentional assault upon a victim with a deadly weapon proximately resulting in death, nothing else appearing, raises presumptions that the killing was unlawful and was done with malice and is sufficient to support a conviction of second degree murder. *State v. Robbins, supra.*

No error.

Judges WELLS and EAGLES concur.