857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John ALBRITTON, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA; L.E. Cherry; Attorney General of
the State of North Carolina, Respondents-Appellees.
 No. 88-6592.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 5, 1988.
Decided: Sept. 7, 1988.
 
 John Albritton, appellant pro se.
 Richard Norwood League (Office of the Attorney General of North Carolina), for appellees.
 Before MURNAGHAN, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Albritton appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Albritton claims that his plea of guilty in the North Carolina trial court was involuntary due to misinformation from his lawyer and that he received ineffective assistance of counsel because of this misinformation. We affirm.
 
 
 2
 Preliminarily, we note that the district court determined that Albritton was in procedural default based on a finding by the state trial judge that Albritton could have raised these claims on direct appeal and because he did not, he waived his rights under North Carolina law. This determination is in error. Because Albritton pleaded guilty, he could only raise the issue of whether the indictment charged an offense under the constitution and law. State v. Hart, 287 N.C. 76, 213 S.E.2d 291 (1975); State v. Wynn, 278 N.C. 513, 180 S.E.2d 135 (1971). Thus, Albritton's only means to challenge his guilty plea on the above grounds was through a motion for appropriate relief. See N.C.Gen.Stat. 15A-1415(b)(3). For this reason, North Carolina courts regularly hear claims of involuntary pleas and ineffective assistance of counsel on a motion for appropriate relief. See e.g., State v. Pait, 81 N.C.App. 286, 343, S.E.2d 573 (1986); State v. Stevens, 305 N.C. 712, 291 S.E.2d 585 (1982). Thus, we hold that under North Carolina law Albritton is not in procedural default.
 
 
 3
 Despite this erroneous determination, we are compelled to affirm the denial of Albritton's petition on the merits. Albritton's first claim, that his plea was involuntary due to misinformation, is clearly refuted by the record. The trial court corrected any possible misconception that Albritton may have had about the sentences he faced and after this correction by the trial judge Albritton did not protest his sentence in any fashion. Thus, Albritton alleges no facts which negate the presumption of verity of the record of the plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Likewise, Albritton's second claim, alleging ineffective assistance of counsel, is meritless. Because he was correctly informed about his plea Albritton cannot show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 4
 Accordingly, while we disagree with the district court's reasoning, we approve the result. Helvering v. Gowran, 302 U.S. 238, 245 (1937). Therefore, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 DISMISSED.